# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRACY WILLIAMS**<br>860 N. Franklin Street<br>Pottstown, PA 19464<br><br>*Plaintiff,*<br><br>vs.<br><br>**FRANKLIN LABS, LLC**<br>1800 Centre Avenue<br>Reading, PA 19605<br><br>-and-<br><br>**HARVEST HEALTH & RECREATION, INC.**<br>c/o Registered Agent Solutions, Inc.<br>300 W. Clarendon Avenue, Suite 240<br>Phoenix, AZ 85013<br><br>*Defendants.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, Tracy Williams, by and through undersigned counsel, hereby files the following Complaint against Defendants:

## **INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Defendants of, *inter alia*, the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the Americans with Disabilities Act ("ADA" - 42 U.S.C. 12101 et seq.), Title VII of the Civil Rights Act and the

Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendants and has suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over each Defendant because each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted federal administrative remedies for her claims by first dual-filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") and receiving a right to sue letter mailed on or about February 3, 2021.

6. Plaintiff will seek leave to amend this pleading to incorporate claims under the PHRA at the end of the statutory one year waiting period required by Pennsylvania law and pursue

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter. Plaintiff's PHRA claims however will virtually mirror her federal claims.

relief and/or damages under that statute that are not already available under federal law. *See* 43 P.S. § 962(c).

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant Franklin Labs LLC ("Defendant FL") is a Pennsylvania limited liability corporation with a principal place of business at the above-captioned address.

10. Defendant FL is believed and therefore averred to have at one point operated at least five ("5") marijuana dispensaries in the Commonwealth of Pennsylvania.

11. Defendant Harvest Health & Recreation Inc. ("Defendant HHR") is believed and therefore averred to be a Canadian corporation registered to do business in the State of Arizona.

12. Defendant HHR has a registered agent for service of process at the above-captioned address.

13. Defendant HHR's principal office addresses are believed and therefore averred to be 2200 HSBC Building, 8825 West Georgia Street, Vancouver, Canada and/or 1155 West Rio Salado Parkway Suite 201 Tempe, AZ 85281.

14. Defendant HHR advertises on its website at http://www.harvesthoc.com that it does business and/or sales within the Commonwealth of Pennsylvania, but upon information and belief may not yet be registered as a foreign corporation doing business in the Commonwealth.

15. Defendant HHR also advertises as doing business in the States of Arizona, California, Florida and Maryland.

16.     During the course of her employment, Plaintiff was employed by Defendant FL who was subsequently acquired by Defendant HHR for approximately $25.5 million dollars.

17.     Defendants publicly announced the purchase on or about March 27, 2020 prior to Plaintiff's unlawful termination.

18.     Upon information and belief, Defendants FL and HHR ("Defendants") comprise one general operation and were a joint employer of Plaintiff during his period of employment.

19.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership and/or financial controls, and/or other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

20.     Alternatively, upon information and belief, Defendant HHR is liable as a successor in interest to Defendant FL.[2]

21.     At all times relevant herein, each Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for each Defendant.

## FACTUAL BACKGROUND

22.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23.     Plaintiff is 52 years old with a date of birth of June 10, 1968.

---

[2] In the Third Circuit, when a party files a discrimination case "the doctrine of successor liability applies **where the assets of the defendant-employer are transferred to another entity.** An aggrieved employee may enforce a claim or judgment against a successor **that would have been valid against the predecessor**." Brzozowski v. Corr. Physician Servs., 360 F.3d 173, 178 (3d Cir. 2004) (**emphasis added**).

24. Plaintiff is a Black (African-American) female.

25. Plaintiff became an employee of Defendants effective on or about March 2, 2020 about a month before Defendants announced that Defendant HHR was acquiring Defendant FL.

26. At all times, Plaintiff was physically employed for Defendants at 1800 Centre Avenue in Reading, Pennsylvania.

27. Plaintiff worked in an approximate 46,000 square foot marijuana cultivation, manufacturing and processing industrial building.

28. Due to the aforesaid acquisition as referenced above, during her short period of employment (approximately 3 months), the workplace was being substantially changed (including as to management hierarchy).

29. Plaintiff was initially hired as a trimmer and later moved to work in packaging.

30. Management within Defendants included Scott Lee ("Lee") (a Director of Cultivation) and "Tyler" (last name unknown) who oversaw packaging and trimming.

31. Plaintiff was unlawfully terminated on or about May 20, 2020 shortly before completing her 90-day work timeframe.

32. At time of termination, Plaintiff was informed by both "Tyler" and Lee that they would not be moving forward with her as an employee any longer.

33. The termination was both discriminatory and retaliatory.

34. Plaintiff's short tenure with Defendants was primarily during the initial stages of the global COVID-19 pandemic.

35. During her employment, Plaintiff had gotten sick on at least one occasion--even at times vomiting in the restroom.

36. Plaintiff suffers from severe bouts of Colitis and other gastrointestinal complications, both of which are long-term disabilities.

37. Plaintiff was also one of very few Black employees and upon information and belief one of the oldest employees at her location.

38. Most of the workforce was non-Black and comprised of younger people believed to be in their 20's and 30's.

39. Plaintiff was referred to the job by a family member who spoke with management.

40. Plaintiff believes and therefore avers she obtained the job based upon a strong recommendation and referral.

41. Lee appeared reluctant to hire Black people in general.

42. In particular, he informed Plaintiff's distant family member if he hired a Black employee, he wanted an assurance Plaintiff would not be "one of those angry black women."

43. Throughout Plaintiff's short tenure, she was definitively treated much more harshly and disparately than anyone else in the workplace. By way of example and without limitation:

   a. Plaintiff had been suspended for traveling on a weekend despite no policy even being disseminated as to what employees were not permitted to do on their personal time;

   b. Because Plaintiff was getting sick at times due to her health problems, she was told she had to get tested for COVID-19. Plaintiff explained that there were others who coughed, sneezed, looked sick, and those persons were typically not required to get tested for COVID-19. Plaintiff expressly clarified to management she suffered from disability. These discussions occurred *within weeks* of her termination from employment;

    c. Lee at times would also tell Plaintiff don't act "angry," consistent with his discriminatory view of Black women and despite the fact that Plaintiff was nothing but pleasant and professional;

    d. Plaintiff was given a disciplinary document during her employment tenture for not weighing something properly even though others worked at her weight station. Plaintiff did not believe she did anything wrong and others were not admonished in the same way.

    e. Management identified some cleaning duties would be required by employees later into Plaintiff's hire. Plaintiff was instructed to clean, mop, and perform other cleaning duties more so than others in the workplace. Plaintiff was being assigned other employee work areas to clean and being singled out for the bulk of the janitorial work. Plaintiff was the one being assigned to clean bathrooms and the employee breakroom. Upon information and belief, Defendants made these assignments in an attempt get Plaintiff to resign.

44. The aforementioned examples above are just that—<u>examples</u> of disparate treatment.

45. Toward the end of Plaintiff's employment, in the last two ("2") to three ("3") weeks, Plaintiff mentioned to both Lee and "Tyler" that she felt she was treated unfairly ***based on her race and age***.

46. Plaintiff mentioned the disparate treatment to Lee and "Tyler" on a couple of occasions in the aforementioned timeframe.

47. Lee and "Tyler" effectively ignored the complaints, blew them off and then terminated Plaintiff in close proximity to them.

48. Plaintiff's termination was pretextual in that Defendants terminated her because of (a) her disclosures of health problems; (b) notice that she would need certain accommodations of breaks or restroom at times due to health problems; and (c) her age, race and/or her complaints of differential treatment wherein she specifically referenced her age and race to Lee and "Tyler".

## COUNT I
### Violations of the Age Discrimination in Employment Act ("ADEA")
([1] Age Discrimination, [2] Retaliation and [3] Hostile Work Environment)
-Against Both Defendants-

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff believes and avers herein that Defendants terminated her employment because of her advanced age and otherwise subjected younger co-workers to more favorable treatment.

51. Defendants also retaliated against Plaintiff for her aforementioned complaints of discrimination.

52. These actions as aforesaid constitute unlawful discrimination, retaliation and a hostile work environment under the ADEA.

53. Plaintiff has suffered damages as set forth more fully herein.

## COUNT II
### Violations of the Americans with Disabilities Act "ADA"
[1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate; [4] Hostile Work Environment)
-Against All Defendants-

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8

51. Plaintiff was terminated because of [1] her actual and/or perceived disabilities; [2] her record of impairment; [3] her requested accommodation(s), which also constitutes unlawful retaliation.

52. Defendants also failed to engage in the interactive process and/or otherwise failed to accommodate her.

53. Defendants also retaliated against Plaintiff for engaging in protected activity.

54. These actions as aforesaid constitute violations of the ADA.

55. Plaintiff has suffered damages as set forth more fully herein.

## COUNT III
### Violations of 42 U.S.C. § 1981
([1] Racial Discrimination, [2] Retaliation, [3] Hostile Work Environment)
-Against All Defendants-

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff was subjected to disparate treatment by Defendants.

58. Plaintiff was subjected to a hostile work environment during her entire tenure by conduct, actions, and discriminatory statements by Defendants through their highest levels of management.  This constitutes a violation of § 1981.

59. Plaintiff was subjected to unlawful retaliation based on her engagement in protected activity.

60. Plaintiff has suffered damages as set forth more fully herein.

## COUNT IV
### Violations of Title VII of the Civil Rights Act
([1] Racial Discrimination, [2] Retaliation, [3] Hostile Work Environment)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was subjected to disparate treatment by Defendants.

52. Plaintiff was subjected to a hostile work environment during her entire tenure by conduct, actions, and discriminatory statements by Defendants through their highest levels of management.

53. Plaintiff was subjected to unlawful retaliation for engaging in protected activity.

54. Plaintiff has suffered damages as set forth more fully herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Each Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Each Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for each Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages to the extent permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff demands trial by jury on all issues so triable.

                Respectfully submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

                _/s/_

                Ari R. Karpf, Esq.
                W. Charles Sipio, Esq.
                3331 Street Rd.
                Bldg. 2, Ste. 128
                Bensalem, PA 19020

Date: February 25, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Tracy Williams | : | CIVIL ACTION |
| v. | : | |
| Fanklin Labs, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 2/25/2021 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 860 N. Franklin Street, Pottstown, PA 19464

Address of Defendant: 1800 Centre Avenue, Reading, PA 19605 / 300 W. Claredon Avenue, Suite 240, Phoenix, AZ 85013

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/25/2021   _____   ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify): _____*

**B.** *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify): _____*
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 2/25/2021   _____   ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILLIAMS, TRACY

### DEFENDANTS
FRANKLIN LABS, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Berks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | **X** 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621); ADA (42USC12101); Title VII (42USC2000)

Brief description of cause:
Violations of the ADEA, ADA, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** **X** Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/25/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____